In the Matter of NADINE L. and Another, Children Alleged to be Neglected. JOSEPH L., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [938 NYS2d 530]—

The finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). The

record establishes that the agency made diligent efforts to encourage and strengthen respondent's relationship with his children by referring him to parenting skills training and mental health therapy and by scheduling regular visitation (*see Matter of Sheila G.*, 61 NY2d 368, 384-385 [1984]; *Matter of Fernando Alexander B. [Simone Anita W.]*, 85 AD3d 658, 659 [2011]).

Respondent claims that financial hardship is the real impediment to discharge of the children to him. However, since the time he voluntarily placed the children, he has maintained gainful reliable employment with a salary in excess of $60,000. He has also lived alone in the same two-bedroom apartment since the year the children were born. The record does not contain any evidence of his supposed debts or other financial hardships during that relevant period of time (*compare Matter of Jamie M.*, 63 NY2d 388 [1984]).

A preponderance of the evidence demonstrates that it is in the best interests of the children to terminate respondent's parental rights so as to free them for possible adoption by their foster mother, with whom they have lived for nearly the entirety of their 16 years (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Respondent opposed termination of his parental rights throughout the proceedings; at no time did he actually request that they be given to his care. At the dispositional hearing, he indicated that he "might" be ready for their return in a little less than a year. Continuing the children in the foster care system indefinitely, awaiting a possible change in the father's parental attitudes, would not be in their best interests (*see Matter of Joyce T.*, 65 NY2d 39, 49-50 [1985]). Concur— Tom, J.P., Acosta, Catterson, Richter and Abdus-Salaam, JJ.